# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER BARRIOS ALMEIDA and MARCO ANTONIO BARRIOS ROJO, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL NO. 1:13-135 |
| MANUEL E. SOLIS aka MANUEL SOLIS LAW FIRM aka LAW OFFICE OF MANUEL SOLIS aka OFICINAS JURIDICAS DEL ABOGADO MANUEL SOLIS aka DESPACHO JURIDICO DE MANUEL SOLIS aka LAW OFFICES OF MANUEL E. SOLIS, P.C. aka MANUEL SOLIS LAW OFFICES *et al.,* | § § § § § § § § § | |
| Defendants. | | |

| | | |
|---|---|---|
| ERIKA BARRAZA MORENO and ROGER WAYNE AVELAR | § § § | |
| Plaintiffs, | § § | |
| V. | § § § | CIVIL NO. 1:13-CV-157 |
| MANUEL E. SOLIS aka MANUEL SOLIS LAW FIRM aka LAW OFFICE OF MANUEL SOLIS aka OFICINAS JURIDICAS DEL ABOGADO MANUEL SOLIS aka DESPACHO JURIDICO DE MANUEL SOLIS aka LAW OFFICES OF MANUEL E. SOLIS, P.C. aka MANUEL SOLIS LAW OFFICES *et al.,* | § § § § § § § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

The Court has before it a self-styled Motion for Rule 60 Relief filed by the Plaintiffs in this consolidated action, Dkt. No. 34.  Plaintiffs challenge portions of a memorandum opinion and order ("the memorandum opinion") dismissing their claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962–68 for failure to state a claim upon which relief can be granted and denying Plaintiffs leave to amend their complaints.  Analyzing the motion under Rule 59(e), the Court denies it, concluding that Plaintiffs' strategic decision to wait until the Court ruled before amending their complaint does not justify Rule 59(e) relief and that Plaintiffs' attempts to distinguish the authority on which the Court relied in the memorandum opinion lack merit.

### I. Background

The memorandum opinion recites the factual and procedural background of this case in detail.  *See* Dkt. No. 32 at 2–7.[1]  Two groups of plaintiffs filed separate complaints against Manuel E. Solis ("Solis"), an attorney licensed to practice in Texas, and four corporations he allegedly controls.  The following summary of Plaintiffs' general allegations comes from the memorandum opinion:

> Solis . . . advertises his services extensively on Spanish-language radio and television, offering to help aliens "fix papers" in the United States and promoting a service he brands as his R.O.I. program.  *Barrios*, Dkt. No. 3 at 3 (footnote omitted).  As the plaintiffs understood the R.O.I. program, "if plaintiff was stopped for any reason . . . Solis would bond him out, represent him in court, and obtain his residency . . . including an appeal if he lost," for a fixed fee but the R.O.I. contract does not cover representation in criminal proceedings.  *Id.* ¶ 17.  The plaintiffs in these consolidated actions allege that Solis's advertisements are misleading because "they provide incomplete information," *Barraza*, Compl. ¶ 20, and Solis targets Hispanic, Spanish-speaking aliens to bait them into an in-person consultation at

---

[1] Throughout this opinion, the Court refers to documents filed in each consolidated case by citing to the lead Plaintiff's surname followed by the docket entry number of the document filed therein.  Citations to docket entries without a lead Plaintiff's surname refer to *Barrios v. Solis*, No. 1:13-CV-135.

> which the non-citizen is sold a contract for making a Freedom of
> Information Act ("FOIA"), 5 U.S.C. § 552, request; a fixed-fee R.O.I.
> contract; or both. *Id.* ¶ 18. Solis and his staff, according to the
> complaints, do not evaluate the client's "real" needs, risking depriving
> people in the targeted groups of the opportunity "to have their cases
> actually evaluated for what immigration benefit is available for them."
> *Id.*; *see also Barrios*, Dkt. No. 3 at 1.

Dkt. No. 32 at 3.

Defendants filed separate motions in each case, seeking dismissal for lack of
subject matter jurisdiction and for failure to state a claim upon which relief can be
granted. *Barraza*, Dkt. No. 17; *Barrios*, Dkt. No. 6. By that time, the Barrios
Plaintiffs had already amended their complaint once as a matter of course, Dkt. No.
3, and the Barraza Plaintiffs filed two motions to amend their complaint after
Defendants moved to dismiss it, Dkt. Nos. 20, 25.

This Court held that it had subject matter jurisdiction in the memorandum
opinion. *Barrios*, Dkt. No. 32 at 7–13. The Court rejected Defendants' argument
that all of Plaintiffs' claims were artfully-pleaded malpractice claims under state
law, holding that this Court had original jurisdiction over Plaintiffs' § 1981 claims
and their RICO claims, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over
their state-law claims, *see* 28 U.S.C. § 1367(a). *Id.* at 11–13. Applying Rule 12(b)(6)
standards, however, led the Court to conclude that the live and proposed complaints
then before the Court failed to state a claim upon which relief can be granted. *Id.* at
14–30. That ruling, in turn, resulted in the Court's discretionary decision not to
exercise supplemental jurisdiction over the state-law claims. *Id.* at 32–33. Finally,
the Court determined that Plaintiffs should not be granted further opportunities to
amend in light of their previous amendments and the fact that the Barrios
Plaintiffs held their complaint out as legally sufficient in their response to
Defendants' motion to dismiss. *Id.* at 30–31.

## II. Rule 59(e) Standard

Plaintiffs style the instant motion as one for relief from judgment under
Federal Rule of Civil Procedure 60. Dkt. No. 34 at 1. They filed the instant motion

3

fewer than twenty-eight days after this Court entered the memorandum opinion and order they challenge, however, and the Court therefore analyzes this motion under Federal Rule of Civil Procedure 59(e)'s more liberal rubric. *See Templet v. Hydrochem, Inc.*, 367 F.3d 473, 483 (5th Cir. 2004) ("Because Rule 59(e) motions are subject to much more stringent time requirements than Rule 60(b) motions, Rule 59(e) motions provide relief for the movant on grounds at least as broad as Rule 60 motions.").

Rule 59(e) motions "call[] into question the correctness of a judgment." *Id.* at 478 (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). They serve a "narrow purpose[:] . . . allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party cannot, therefore, use a Rule 59(e) motion to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478–79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Deciding a Rule 59(e) motion requires a district court to strike a proper balance between the need for finality, on the one hand, and "the need to render just decisions on the basis of all the facts," on the other. *Id.* at 479 (citation omitted); *accord. Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993)).

## III.   Leave to Amend Complaints

Plaintiffs first challenge this Court's decision to deny them leave to amend their complaints. Dkt. No. 32 at 30—31. They attach a proposed consolidated complaint to their Rule 59(e) motion. Dkt. No. 34 Ex. A. In the memorandum opinion, this Court analyzed the Barraza Plaintiffs' proposed supplemental complaint and found it insufficient. Dkt. No. 32 at 30. That pleading represented their second amended complaint and responded to the arguments advanced in the then-pending motion to dismiss their original complaint. *See id.* Because they did "not specify any further facts they could or would plead in support of their RICO and § 1981 claims," this court denied them leave to amend. *Id.* Similarly, this

Court noted that the Barrios Plaintiffs did not avail themselves of their opportunity to amend their complaint as a matter of course when Defendants moved to dismiss it and, further, that the Barrios Plaintiffs declared the sufficiency of their complaint in their response, making only a "perfunctory request for leave to amend." *Id.* at 31 (citing *Spiller v. City of Texas City, Police Department*, 130 F.3d 162 (5th Cir. 1997)) (other citations omitted).

Under Fifth Circuit law, "[w]here, as here, the plaintiff files a motion for reconsideration and requests leave to amend following a dismissal with prejudice, 'the considerations for [the] Rule 59(e) motion are governed by [Federal Rule of Civil Procedure] 15(a).'" *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)) (alterations in original, other citation omitted). Under Rule 15(a)(2), a federal district court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend under this rule should be denied only "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *Spicer*, 751 F.3d at 367 (citing *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270–71 (5th Cir. 2010)). The Fifth Circuit has surveyed its case law applying this standard and has found that it has "consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 420 (5th Cir. 2010) (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000).

In their Rule 59(e) motion, Plaintiffs explain that they drafted and withheld the pleading they now propose as their consolidated complaint pending a ruling on Defendants' motions to dismiss. Dkt. No. 34 at 3. Plaintiffs' attorney represents that, on July 17, 2014, another attorney "amended [the *Barraza* complaint] . . . to delete the claims pursuant to RICO and to revise it as a properly brought, timely and well pled claim pursuant to RICO," and the *Barrios* complaint underwent analogous revision. *Id.* (internal citation omitted). Plaintiffs' counsel further states

that "[t]he Proposed Complaint was going to be filed post decision on the then pending motions" to dismiss because "a motion for more definitive [sic] statement was also pending but did not identify the amendments [Defendants] were requesting." *Id.*

Plaintiffs' explanation amounts to undue delay coupled with repeated failures to cure, which does not justify relief under Rule 59(e). Plaintiffs seem to imply that they believed the pending motion for more definite statement had to be resolved before the motion to dismiss for failure to state a claim, and they relied on that belief when they chose not to seek to amend their complaint in July 2014.[2] *See* Dkt. No. 34 at 3. "There is more than a mere procedural distinction between the motion to dismiss for failure to state a claim and the motion for more definite statement. The difference is fundamental . . . ." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). Exercising its discretion, the district court can conclude on a motion for more definite statement that a complaint is so vague that the defendant "cannot reasonably be required to frame a responsive pleading. . . [b]ut . . . that does not permit [a district court] to dismiss the complaint for failure to state a claim." *Id.* (citation omitted); *accord.*, e.g., *Ash Grove Tex., L.P. v. City of Dallas*, No. 3:08-CV-2114-O, 2009 WL 3270821, at *7 (N.D. Tex. Oct. 9, 2009) (quoting *Mitchell*, 269 F.2d at 130). Deciding a motion to dismiss for failure to state a claim, in contrast, involves no discretionary decision: "[t]he complaint is either good or not good." *Mitchell*, 269 F.2d at 130. Accordingly, courts often first determine that the complaint fails to state a claim and then deny a pending motion for more definite statement as moot because a responsive pleading to the dismissed complaint will not need to be formulated. *See, e.g., Prewitt v. Continental Automotive*, 927 F. Supp. 2d 435, 456–57 (W.D. Tex. 2013) (granting motion to dismiss for failure to state a claim, granting leave to amend, and denying motion for more definite statement as moot); *Keith v. J.D. Byrider Sys., LLC*, No. 3:14-CV-1317-D, 2015 WL

---

[2] The Barraza Plaintiffs arguably took steps reflecting a different understanding of the effect of a pending motion for more definite statement. On January 25, 2014, they moved to amend their complaint, Dkt. No. 20. At that time, Defendants' Rule 12(b)(1) and 12(b)(6) motion and alternative motion for more definite statement remained pending. *Barrios*, Dkt. No. 6 (filed Nov. 20, 2013).

3539555, at *11, *12—*13 (N.D. Tex. June 5, 2015) (denying motion for more definite statement on breach-of-contract claim after dismissing it under Rule 12(b)(6) but reaching quantum meruit claim that survived Rule 12(b)(6) motion).  In view of the relationship between the motions to dismiss for failure to state a claim and motions for a more definite statement, the court concludes, based on Plaintiffs' representations, Dkt. No. 34 at 3, that, at most, Plaintiffs' own litigation strategy prevented them from moving to amend their complaint to assert the claims they now seek to advance in their proposed consolidated complaint.[3]  *See Rosenblatt*, 607 F.3d at 420 (affirming denial of Rule 59(e) motion where "[t]he facts [the plaintiff] seeks to add to his complaint now were available to him previously and he has not shown any reason, other than a misguided attempt at strategy, why he failed to plead them before"); *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993) (affirming denial of plaintiff's Rule 59(e) motion to amend complaint to add new legal theory after judgment entered on arbitration award and condemning Rule 59(e) motion as "nothing more than an attempt to try [the plaintiff's] theories of recovery seriatim"); *In re Fish & Fisher, Inc.*, No. 09–02747–EE, 2012 WL 2377581, at *5 (Bankr. S.D. Miss. June 25, 2012) (denying Rule 59(e) motion requesting leave to file third amended complaint based on evidence allegedly suppressed through defendant's strategic machinations because, among other things, plaintiff filed three complaints before dismissal with prejudice); *cf. Smith v. EMC Corp.*, No. 302CV0862M, 2003 WL 22846404, at *2 (N.D. Tex. Nov. 13, 2003) (denying Rule 60(b)(1) motion to alter judgment to award plaintiff additional damages based on legal theory not alleged in complaint because plaintiff could have pleaded new claim before entry of judgment).

## IV. Section 1981 Claims

---

[3] The Court's determination that Plaintiffs should not be granted leave to amend their complaints pretermits consideration of their RICO-related arguments in the instant motion. *See* Dkt. No. 34 at 3–6.  Those arguments concern the proposed consolidated complaint only. *See id.* (citing only proposed complaint); Dkt. No. 42 at 5–7 (same); *see also* Dkt. No. 34 at 3 (stating that proposed consolidated complaint was drafted to address deficiencies in live and proposed pleadings).

This Court ruled that Plaintiffs failed to state claims under 42 U.S.C. § 1981 for which relief can be granted because they did not make out a plausible claim of intentional discrimination and, with one exception, interference with a contract.

A. Intentional Discrimination

Plaintiffs first argue that this Court erred when it concluded that they did not plead plausible claims of intentional discrimination based on alienage and national origin.  Dkt. No. 32 at 25–28.  They assert that they adequately alleged that Defendants discriminatorily segment the market for their services by customarily targeting Spanish-speaking aliens in advertising.  Dkt. No. 34 at 9 ("The paragraph is clear that the Plaintiffs are targeted because of alienage.").  This Court addressed these arguments and the authorities on which Plaintiffs rely in the memorandum opinion when it concluded that "the allegations of targeting Spanish-speaking aliens by conceiving and advertising the R.O.I. program amount only to the freestanding claim that Defendants encouraged people in those groups to deal with them by advertising on Spanish-language radio," which does not, without more, state a claim of intentional discrimination.  Dkt. No. 32 at 26–27 (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 798 (3d Cir. 2001)).  *Compare* cases cited and discussed in *id.* at 25–28 *with* Dkt. No. 34 at 9–10 (discussing same cases).  Plaintiffs' efforts to rehash arguments about this authority do not entitle them to Rule 59(e) relief.[4]

For example, Plaintiffs fault this Court for relying on an unpublished Fifth Circuit case decided in 1994: *Knighten v. Cave & Mckay*, 32 F.3d 566, 1994 WL 442426 (5th Cir. 1994).  Dkt. No. 34 at 6.  Because that opinion was issued before January 1, 1996, however, it is binding precedent on this Court.  *See In re Orso*, 283

---

[4] Similarly, Plaintiffs' argument based on Federal Rule of Civil Procedure 9(b)'s admonition that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally,"  Dkt. No. 34 at 11 (quoting rule), could and should have been made before entry of the memorandum opinion.  Moreover, Plaintiffs demonstrate no manifest legal error as they point to no general allegation of state of mind in their live or proposed complaints.  *See id.*  Instead, as the Court found in the memorandum opinion, at least one of the pleadings explicitly attributes pecuniary motives to Defendants' actions.  Dkt. No. 32. at 27 (quoting allegation that Defendants acted "to gain . . . a greater "return on investment"" (quoting *Barraza*, Dkt. No. 2 Ex. 1 ¶ 22)).

F.3d 686, 694 & n.26 (5th Cir. 2002) (citing 5th Cir. R. 47.5.3) (holding 1990 unpublished table decision was "binding precedent" because, "[b]efore 1996, our unpublished opinions were as equally binding precedent as were our published opinions"); *Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359 (5th Cir. 2002) ("The fact that *Watkins* is unpublished does not alter its precedential status, because it was decided before January 1, 1996."); *U.S. v. Stanford*, 418 F. App'x 276, 279 n.3 (5th Cir. 2011) (per curiam, unpublished) (collecting additional cases). Plaintiffs suggest no other reason to distinguish *Knighten*, and they accordingly fail to demonstrate that this Court manifestly erred by relying on it.

Plaintiffs also contend for the first time in the instant motion that the mixed-motives framework applicable to Title VII cases governs their § 1981 claims. Dkt. No. 34 at 9; *see also, e.g., Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The Fifth Circuit has not decided whether the mixed-motives alternative is available to § 1981 plaintiffs. *See, e.g., Moore v. City of Jackson*, No. 3:10CV454-DPJ-FKB, 2012 WL 4588066, at *3 n.2 (S.D. Miss. Oct. 2, 2012) ("[T]he mixed-motive analysis may not apply to Moore's § 1981 claims, which fall outside of the Title VII framework." (citing *Crouch v. JC Penney Corp.*, 337 F. App'x 399, 402 n. 1 (5th Cir.2009) and collecting other cases)); *Crabb v. Wal-Mart Stores, Inc,*, No. 1:11CV44-SA-DAS, 1:11CV83-SA-DAS, 2012 WL 4092427, at *10 (N.D. Miss. Sept. 17, 2012) ("In this Circuit, however, the mixed-motive framework has not yet been extended to § 1981 claims and it is unclear how far the Court's holding in *Gross v. FBL Fin. Serv., Inc.*, has scaled back the extension of the mixed-motive application." (557 U.S. 167 (2009))); *see also Mabra v. United Food & Commercial Workers Local Union # 1996*, 176 F.3d 1357 (11th Cir. 1999) (holding mixed-motives alternative unavailable under § 1981). The Court need not decide this open question, however, because the mixed-motives alternative "is probably best viewed as a defense," and this Court's decision rests on Plaintiffs' failure to plead a prima facie case under § 1981. *Crabb*, 2012 WL 4092427, at *11 (quoting *Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir. 2010)) (not reaching this question at summary judgment because plaintiff did not make out a prima facie case on § 1981 claim).

B. <u>Interference with Rights Protected by Statutes</u>

Plaintiffs also maintain that this Court erred when it concluded that many of the rights with which Defendants allegedly interfered "flow from federal law rather than from an 'existing or proposed contract.'" Dkt. No. 32 at 29 (citing *Domino's Pizza v. McDonald*, 546 U.S. 470, 479 (2006)).  They elaborate:

> The civil rights statute protects against discrimination not merely in contract, but in rights that are specifically enumerated in the statute, 42 U.S.C. § 1981. The statute protects "the legal process and of a right of access to legal process . . . it prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights . . . [and it] covers wholly private efforts to impede access to the courts . . . .

Dkt. No. 34 at 8 (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)).  Thus, Plaintiffs posit that Defendants "interfered with their access to seek [sic] benefits before the USCIS, and/or USDOJ—EOIR— Immigration Court—those are contractual rights: the right to contract with the U.S. Government." *Id.*

The case on which Plaintiffs rely, however, undermines their position.  The plaintiff in *Mian* "complain[ed] that defendants impermissibly discriminated against him because of his race during the course of an arbitration proceeding pertaining to the handling of [his] securities accounts by the defendants." *Mian*, 7 F.3d at 1086.  The portion of the *Mian* opinion Plaintiffs quote–itself a quotation from a Supreme Court opinion–reads in full, with emphasis added to the portion Plaintiffs ellide:

> [Section 1981] embraces protection of a legal process, and of a right of access to legal process, *that will address and resolve contract-law claims without regard to race. In this respect,* it prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, [and it] covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private parties . . in enforcing the terms of a contract.

*Mian*, 7 F.3d at 1087 (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 177 (1989)) (alterations in original, emphasis added).  Plaintiffs do not contend that they sought to "address and resolve contract-law claims" in immigration court.  *Id.*  Nor does the Court see how they could.  As such, Plaintiffs have failed to show that this Court committed a manifest error of law when it decided this issue.

## V.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Rule 60 Relief, Dkt. No. 34.  The court will enter judgment in a separate document in each consolidated case.

It is so ORDERED.


SIGNED this 4th day of August, 2015.

_____
Hilda Tagle
Senior United States District Judge